FILED

2003 NOV 17 P 12: 27

US DISTRICT COURT
BRIDGEPORT CT

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| JULIA JACKSON | : |
| | : |
| VS. | : CIVIL NO. 3:02CV1777(AHN) |
| | : |
| NORWALK BOARD OF EDUCATION, LOUIS LaBOSCO, DR. NORMAN ZAMCHECK, ART DOOLEY, and RICK FOLLMAN | : |
| | : NOVEMBER 14, 2003 |

### SECOND AMENDED COMPLAINT

**COUNT ONE**  (Asserted against Norwalk Board of Education only)

1. This is an action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., to redress the deprivation by the defendant of civil rights secured to the plaintiff by the laws of the United States. The defendant discriminated against the plaintiff in employment on the grounds of her sex, race, and color. The defendant subjected the plaintiff to different terms and conditions than similarly situated employees and failed to hire her for discriminatory reasons.

2. Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3), 1367(a) and 2201(a) of Title 28 and Section 2000e of Title 42 of the United States Code.

1

3. During all times mentioned in this action, the plaintiff was, and still is, an adult citizen of the United States residing in Norwalk Connecticut. She is female, African American and her color is black.

4. During all times mentioned in this action, the defendant was and is Norwalk Board of Education in Norwalk, CT. It is and at all relevant times was an employer within the meaning of the aforesaid statutes and at all relevant times employed more than fifteen individuals.

5. The plaintiff has complied with all of the procedural prerequisites to suit under the statutes aforementioned.

6. The plaintiff was employed from March 6, 2000 to June 16, 2000 as a Security Monitor at Briggs High School in Norwalk, CT.

7. The job description of the plaintiff's position required her to work twenty-seven and a half (27 ½) hours per week.

8. In fact, the plaintiff worked thirty (30) hours per week.

9. Similarly situated male and white employees working thirty (30) hours or more per week received benefits such as insurance, holiday time and longevity time.

10. The plaintiff did not receive those benefits despite the fact that she was working 30 hours a week.

CYNTHIA JENNINGS, Esq. (ct21797)
THE BARRISTER LAW GROUP, LLC.,
211 State Street ~ Bridgeport, CT 06604
203 362 1230(T)  203-333-7178(F)
Email: Cynthia.Jennings@sbcglobal.net

11. The defendant, Norwalk Board of Education claim to routinely place new employees on a ninety (90) day probationary period. During the 90 day probationary period the employee's attendance and punctuality are evaluated. At the expiration of the probationary period and having received a satisfactory performance evaluation, the new employee becomes a full time employee.

12. In the past, the defendant, Norwalk Board of Education has informed employees similarly situated to the plaintiff of this 90 day probationary period by letter when they are first employed.

13. The plaintiff was not informed of this term and condition of her employment at the time of hire.

14. By letter dated June 6, 2000, the defendant, Norwalk Board of Education through Louis LaBosco informed the plaintiff that her probationary period had ended on June 6, 2000 and that her position was not being renewed.

15. Despite the fact that the defendant, Norwalk Board of Education represented that the plaintiff's probationary period ended on June 6, 2000, the defendant continued the plaintiff's employment until June 16, 2000.

CYNTHIA JENNINGS, Esq. (ct21797)
THE BARRISTER LAW GROUP, LLC.,
211 State Street ~ Bridgeport, CT 06604
203 362 1230(T)  203-333-7178(F)
Email: Cynthia.Jennings@sbcglobal.net

16. The plaintiff was employed longer than the 90 day probationary period. By defendant Board of Education's own terms, the plaintiff became a full time employee once her employment continued after June 6, 2000.

17. The plaintiff performed her job satisfactorily as represented by her performance evaluations and had no reason to believe her employment was at risk.

18. The plaintiff became a full time employee after June 6, 2000, and was "let go" June 16, 2000 for reasons unrelated to her work performance.

19. In the past, similarly situated white and male employees were afforded a meeting and notified by letter of that meeting prior to being terminated. The plaintiff was not afforded the same opportunity as those similarly situated employees, yet she was terminated.

20. Despite the fact that the plaintiff received satisfactory performance evaluations, her employment with the defendant, Norwalk Board of Education, was terminated by defendant, Norwalk Board of Education, through its agents, Louis LaBosco and Norman Zamcheck.

21. In the past, full time employees who had previously been employed by defendant, Board of Education, were given first consideration for job openings over new hires.

22. On or about July 27, 2000, the plaintiff applied for another employment position for a Guard/Monitor at Norwalk High School.

4

23. The plaintiff had been employed at Briggs High School just weeks prior to her application at Norwalk High School.

24. The plaintiff's performance evaluations at Briggs High School were satisfactory.

25. .The defendant, Norwalk Board of Education, through its agents, interviewed the plaintiff for the position. The defendant, Norwalk Board of Education, made the decision not to rehire the plaintiff and hired an individual with less or no seniority instead.

26. The same defendant has since terminated that individuals employment, but has still failed to contact the plaintiff to fill that position .

27. In the past, similarly situated white and male employees were given first consideration for similar positions when they arose.

28. In addition to the fact that the plaintiff was qualified for the position, she was not given first consideration for the position and thus not afforded the same opportunity as other similarly situated white and male employees.

29. In this manner, the defendant, Board of Education followed a different process and procedure when dealing with the plaintiff.

30. The defendant, Board of Education, subjected the plaintiff to different terms and conditions of employment than similarly situated male employees.

31. In the manner described above, the defendant, **Norwalk Board of Education**, violated Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

**WHEREFORE**, the defendant claims judgment against the defendant as follows:

A. Compensatory damages in an amount this court shall consider to be just, reasonable and fair;

B. Punitive damages in an amount this court shall consider to be just, reasonable and fair;

C. Attorney fees and the costs of this action;

D. Such other relief as this court shall consider to be fair and equitable.

**COUNT TWO** (Against all named Defendants)

1. This is an action pursuant to 42 U.S.C. §§ 1983 , 42 U.S.C. §§ 2000e, et seq., to redress the deprivation by the defendant of rights secured to the plaintiff by Constitution of the United States of America. The defendant violated the plaintiff's Fourteenth Amendment rights to equal protection of the laws .

2. Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3), 1367(a) and 2201(a) of Title 28 and Section 2000e of Title 42 of the United States Code.

3. During all times relevant to this action, defendant, Louis LaBosco was the Director of Human Resources for the Norwalk Board of Education and he is sued in his individual capacity.

6

4. During all times relevant to this action, defendant, Dr. Norman Zamcheck was the Principal of Briggs High School and he is sued in his individual capacity.

5. During all times relevant to this action, defendant, Art Dooley was the Security Coordinator for the Norwalk High School and is sued in his individual capacity.

6. During all times relevant to this action, defendant, Rick Follman was the Housemaster of Norwalk High School and is sued in his individual capacity.

7. Each individual played an integral role in the unlawful practices against the plaintiff.

8. In addition, the individual defendants actions were ratified and promulgated by the defendant Norwalk Board of Education.

9 - 36. Paragraphs 3 through 30 of Count One are hereby made Paragraphs 9 through 37 of Count Two.

37. As such, the defendants, each of them, violated the plaintiff's right to equal protection of the laws and privileges of the United States as guaranteed by the equal protection clause of the Fourteenth Amendment to the United States Constitution.

**COUNT THREE** (Asserted against the Norwalk Board of Education)

1. This is an action for employment discrimination in violation of the Connecticut Fair Employment Practices Act, Sections 46a-58(a), and

7

46a-60(a)(1) of the Connecticut General Statutes.

    2. Jurisdiction of this court is invoked pursuant to this court's supplementary jurisdiction, since this cause of action arises out of the same facts and circumstances as does the cause of action stated in Count One.

    3 - 37. Paragraphs 3 through 30 of Count One are hereby made Paragraphs 3 through 38 of Count Three.

38. In the manner described above, the defendant, has violated rights secured to the plaintiff by the Connecticut Fair Employment Practices Act.

**WHEREFORE**, the plaintiff claims judgment against the defendant as follows:

    A. Compensatory damages in an amount this court shall consider to be just, reasonable and fair;

    B. Punitive damages in an amount this court shall consider to be just, reasonable and fair;

    C. Attorney fees and the costs of this action;

    D. Such other relief as this court shall consider to be fair and equitable.

CYNTHIA JENNINGS, Esq. (ct21797)
THE BARRISTER LAW GROUP, LLC.,
211 State Street ~ Bridgeport, CT 06604
203 362 1230(T)  203-333-7178(F)
Email: Cynthia.Jennings@sbcglobal.net

## CLAIM FOR TRIAL BY JURY

The plaintiff claims trial by jury of the issues in this case.

THE PLAINTIFF

BY *(signature)*
CYNTHIA JENNINGS, Esq. (ct21797)
THE BARRISTER LAW GROUP, LLC.,
211 State Street
Bridgeport, CT 06604
203 362 1230(T)   203-333-7178(F)
Email: Cynthia.Jennings@sbcglobal.net
HER ATTORNEY

## CERTIFICATION

On the date above stated, a copy hereof was mailed to:

Mark J. Sommaruga, Esq.,
Sullivan, Schoen, Campane & Connon, LLC,
646 Prospect Avenue,
Hartford, CT  06105

_____
CYNTHIA JENNINGS

CYNTHIA JENNINGS, Esq. (ct21797)
THE BARRISTER LAW GROUP, LLC.,
211 State Street ~ Bridgeport, CT 06604
203 362 1230(T)  203-333-7178(F)
Email: Cynthia.Jennings@sbcglobal.net