FILED

2003 NOV 26  A 11: 40

U

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JULIA JACKSON, | : | **CASE NO. 3:02CV1777(AHN)** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **NORWALK BOARD OF EDUCATION,** | : | |
| **LOUIS LaBOSCO, DR. NORMAN** | : | |
| **ZAMCHECK, ART DOOLEY, and** | : | |
| **RICK FOLLMAN** | : | |
| **Defendants** | : | **NOVEMBER 25, 2003** |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

### COUNT ONE (asserted against Norwalk Board of Education only)

1.      The defendants deny paragraph #1.


2.      The defendants have insufficient information with respect to the allegations contained in paragraph #2 and therefore leave the plaintiff to her proof.


3.      The defendants have insufficient information with respect to the allegations contained in paragraph #3 and therefore leave the plaintiff to her proof.

*LAW OFFICES* • **SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC** • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO. 62326

4.     The defendants admit paragraph #4.

5.     The defendants have insufficient information with respect to the allegations contained in paragraph #5 and therefore leave the plaintiff to her proof.

6.     The defendants admit paragraph #6.

7.     The defendants admit that the prescribed work week of the plaintiff was 27.5 hours per week, as reflected in the job posting.  The defendants deny the remainder of the allegations contained in paragraph #7.

8.     The defendants deny paragraph #8.

9.     The defendants deny paragraph #9, in particular, the allegation that the plaintiff was treated differently than "similarly situated" persons.   .

10.     The defendants deny paragraph #10.

- 2 -

11.    The defendants admit that such new employees are subject to a 90-day probationary period, and that such an employee's employment accordingly may be subject to non-renewal. The defendants deny the remainder of paragraph #11.

12.    The defendants deny paragraph #12.

13.    The defendants have insufficient information with respect to the allegations contained in paragraph #13 and therefore leave the plaintiff to her proof. Parenthetically, the defendants were not required to so notify the plaintiff of this term.

14.    The defendants admit paragraph #14.

15.    The defendants admit that they non-renewed the plaintiff's employment during her probationary period, namely, on June 6, 2000. The defendants further admit that the plaintiff continued to be employed by the Norwalk Board of Education until June 16, 2000 (i.e., the end of the school year). The defendants deny the remainder of paragraph #15.

16.    The defendants deny paragraph #16.

- 3 -

17.     The defendants deny paragraph #17.

18.     The defendants deny paragraph #18.

19.     The defendants deny paragraph #19.

20.     The defendants deny paragraph #20.

21.     The defendants deny paragraph #21.

22.     The defendants admit paragraph #22.

23.     The defendants admit that the plaintiff was employed by the Norwalk Board of
Education at Briggs High School as a probationary employee until June 16, 2000.  The
defendants deny the remainder of paragraph #23.

24.     The defendants deny paragraph #24.

- 4 -

25.     The defendants admit that Art Dooley, an African American, and Rick Follman interviewed the plaintiff for the position and the plaintiff was not appointed to this position. The defendants deny the remainder of paragraph #25. Parenthetically, a female African-American black individual was appointed to this position.

26.     The defendants admit paragraph #26.

27.     The defendants deny paragraph #27.

28.     The defendants deny paragraph #28.

29.     The defendants deny paragraph #29.

30.     The defendants deny paragraph #30.

31.     The defendants deny paragraph #31.

**COUNT TWO (asserted against all defendants)**

1.     The defendants deny paragraph #1.

- 5 -

2.    The defendants have insufficient information with respect to the allegations contained in paragraph #2 and therefore leave the plaintiff to her proof.

3.    The defendants admit paragraph #3.

4.    The defendants admit paragraph #4.

5.    The defendants admit paragraph #5.

6.    The defendants admit paragraph #6.

7.    The defendants deny paragraph #7.

8.    The defendants deny paragraph #8.

9-36.    The defendants incorporate their responses to paragraphs ##3 through 30 of Count One as their responses to paragraphs ##9 through 37 of Count Two as if more fully set forth herein.

LAW OFFICES  •  SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC  •  646 PROSPECT AVENUE  •  HARTFORD, CONNECTICUT 06105-4286  •  (860) 233-2141
JURIS NO. 62326

37.    The defendants deny paragraph #37.


## COUNT THREE (asserted against Norwalk Board of Education only)

1.    The defendants deny paragraph #1.


2.    The defendants have insufficient information with respect to the allegations contained in paragraph #2 and therefore leave the plaintiff to her proof.


3-37(sic).    The defendants incorporate their responses to paragraphs ##3 through 30 of Count One as their responses to paragraphs ##3 through 38 of Count Three as if more fully set forth herein.


38.    The defendants deny paragraph #38.


## RELIEF

The defendants deny that the plaintiff is entitled to any of the relief that she seeks.

- 7 -

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE (AS TO COUNT TWO)

During all times relevant to the complaint, defendants Louis LaBosco, Art Dooley, Rick Follman and Dr. Norman Zamcheck were duly appointed officials and/or employees of the defendant Norwalk Board of Education. As such, any alleged actions or conduct of defendants LaBosco, Dooley, Follman and Zamcheck were taken within the scope of their duties on behalf of the Board, were undertaken in the good faith performance of their official duties and/or did not violate any clearly established constitutional or statutory duties of which defendants LaBosco, Dooley, Follman and Zamcheck reasonably should have been aware; defendants LaBosco, Dooley, Follman and Zamcheck are thus entitled to qualified immunity to all liability.

### SECOND AFFIRMATIVE DEFENSE (AS TO ALL COUNTS)

The plaintiff has failed to mitigate her damages.

### THIRD AFFIRMATIVE DEFENSE (AS TO ALL COUNTS)

The plaintiff's complaint in its entirety fails to state a claim upon which relief may be granted.

- 8 -

### FOURTH AFFIRMATIVE DEFENSE (AS TO ALL COUNTS)

Some if not all of the allegations of plaintiff's complaint are barred by the applicable statutes of limitation.

### FIFTH AFFIRMATIVE DEFENSE (AS TO ALL COUNTS)

The plaintiff had various grievance remedies available under her collective bargaining agreement. The decisions of emanating from any grievance arbitration proceedings conducted pursuant to the collective bargaining agreement may be entitled to *res judicata* and collateral estoppel effect.

### SIXTH AFFIRMATIVE DEFENSE (AS TO COUNTS ONE AND THREE)

Some if not all of the allegations of plaintiffs' complaint, in particular claims of discrimination relating to, *inter alia*, the terms and conditions of her employment that pre-date both her non-renewal from employment and the failure to rehire the plaintiff are barred by the applicable statute of limitations (42 U.S.C. §2000e-5(f)).

### SEVENTH AFFIRMATIVE DEFENSE (AS TO COUNTS ONE AND THREE)

- 9 -

Some of the allegations of plaintiffs' complaint, in particular claims of discrimination relating to, *inter alia*, the terms and conditions of her employment that pre-date both her non-renewal from employment and the failure to rehire the plaintiff were never raised by the plaintiff with the U.S. Equal Employment Opportunity Commission or with the Connecticut Commission on Human Rights and Opportunities; accordingly, such claims are barred by the doctrine of exhaustion of administrative remedies (42 U.S.C. §2000e-5(f)).

DEFENDANTS–NORWALK BOARD OF EDUCATION, ET AL

By_____
    Mark J. Sommaruga (ct09865)
    Sullivan, Schoen, Campane & Connon, LLC
    646 Prospect Avenue
    Hartford, CT 06105
    Tel: (860)-233-2141
    Fax: (860)-233-0516
    email: msommaruga@sscc-law.com

- 10 -

# C E R T I F I C A T I O N

This is to certify that a copy of the foregoing was mailed via U. S. Mail, postage prepaid, to Cynthia R. Jennings, Esq., The Barrister Law Group, LLC, 211 State Street, Bridgeport, CT 06604, this 25th day of November, 2003.

_____
Mark J. Sommaruga

*LAW OFFICES* • **SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC** • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO. 62326