# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JULIA JACKSON, | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:02C1777(AHN) |
| vs. | : | |
| NORWALK BOARD OF | : | |
| EDUCATION, LOUIS | : | |
| LaBOSCO, DR. NORMAN | : | |
| ZAMCHECK, | : | |
| ART DOOLEY and RICK | : | |
| FOLLMAN, | : | April 29, 2004 |
| Defendants, | : | |



## Plaintiff's Local Rule 9(c)2 Statement

1. Admit
2. Admit
3. Admit
4. Admit
5. Admit
6. Deny
7. Deny
8. Admit
9. Admit
10. Deny
11. Deny
12. Deny
13. Deny
14. Admit
15. Admit
16. Admit

17. Admit
18. Admit
19. Deny
20. Admit
21. Admit
22. Admit
23. Admit
24. Admit
25. Admit
26. Deny
27. Admit
28. Admit
29. Admit
30. Admit
31. Admit
32. Deny
33. Admit
34. Admit
35. Admit

## Plaintiff's Material Facts In Dispute

1. As a new employee filling the position of Monitor for Briggs High School, there was no mention of a ninety-day probation period. The position announcement did not mention a ninety-day probation period, (See Exhibit A), nor is the ninety-day probation period mentioned anywhere in the Local 1042 Contract book for employees and specifically not mentioned under the heading for Monitors. (See Exhibit B) Also, after interviewing with Principal Zamcheck, Plaintiff received a confirmation letter dated March, 2000 congratulating her for receiving the job. This letter does not metion anything with regards to a probationary period (See Exhibit C)

2. While the job posting state the need for a uniform and Plaintiff feels that she would have benefited from the identity that a uniform would have given her, Mr. Dooley states in his Affidavit, "As a practice, I do not consider the uniform to be

mandatory until the employee successfully completes the probationary period. (See Exhibit D)

3. According to Norwalk Board of Education Local 1042 Contract Book, page 2 section "B" states, that all lunch breaks, whether they are for full time or part time employees should be ½ hour and "when schools are in session." (See Exhibit E) Also, page 12 section "M" says that a 10 minute coffee break shall be granted to all employees (See Exhibit F)

4. Plaintiff did not have any negative interactions with Principal Zamcheck. (See Exhibit G) Furthermore, when Mr. Zamcheck was later questioned about this alleged negative behavior exhibited by Plaintiff, he changed his evaluation to one that was satisfactory. (See Exhibit H)

5. While it was true that Mr. Dooley visited the school, Mr. Dooley never talked to Plaintiff about her performance on the job. (See Exhibit I)

6. Plaintiff did meet with Principal Zamcheck on June 6, 2000. She was shown an evaluation, read it and did not agree with Principal Zamcheck's conclusion of her performance. Julia Jackson signed the evaluation stating that she did not agree with the evaluation. (See Exhibit J)

7. Because Plaintiff was denied her rights to receive the Norwalk Board of Education Local 1042 Contract Book, Plaintiff was not aware of the steps she needed to follow in order to receive further recourse or benefits. (See Exhibit K). Also, based on the fact that the job posting that Plaintiff interviewed for did not state that there was a probationary period,. Plaintiff was never informed. (See Exhibit L). The Plaintiff filled out a standard application for the Norwalk School Board of Education. Although there were several postings, the application itself did not speak of probationary period for any of these job postings. (See Exhibit M)

8. After a discussion with John Mosby, Principal Zamcheck changed Plaintiff's evaluation to reflect the truth of her performance. (See Exhibit N) Principal Zamcheck was not under duress and there was no talk of a law suit.

9. In May 2000, Plaintiff wrote a note expressing her desire to work summer months. This was prior to her receiving a notice that her employment would not be renewed. (See Exhibit O) On July 27, 2000, Plaintiff applied for summer employment with Norwalk Public school. (See Exhibit P) Although Plaintiff received a letter on June 6, 2000 from Principal Zamcheck, it only stated that her employment at Briggs School would not be renewed. It did not state that her status with the Norwalk School Board of Education had ended. This letter dated 6/6/00 from Principal Zamcheck just says that Plaintiff's probationary period was over. It does not say that she failed said period, and based on the change of her

evaluation by Principal Zamcheck, Plaintiff had no way of knowing that she would be denied an opportunity to work in the summer positions offered by the Norwalk School Board of Education. (See Exhibit Q)

10. Tia Perry did not have a background and understanding of school security. Tia Perry worked for a club as a bouncer. (See Exhibit R)

FOR PLAINTIFF - Julia Jackson

By_____

Cynthia R. Jennings, Esq. (ct21797)

THE BARRISTER LAW GROUP, LLC

211 State Street - Bridgeport, CT 06604

(203) 334-4800 (O) - (203) 368-6985 (Fax)

cynthia.jennings@sbcglobal.net

## CERTIFICATION

This is to certify that the above Plaintiff's Local Rule 9(c)2 Statement was mailed by first class mail to the following on April 29, 2004:

Susan L. Gundersen
Mark J. Summaruga
Sullivan, Schoen, Campane & Connon, LLC
646 Prospect Avenue
Hartford, CT 06105
Tel: 860-233-2141
Fax: 860-233-0516

_____
Cynthia R. Jennings, Esq.